**Edgar RIOS–VELEZ, et al., Plaintiffs,**

v.

**BARAKA LTD., et al., Defendants.**

**No. Civ. 99–2420(SEC).**

United States District Court,
D. Puerto Rico.

June 15, 2001.

---

Charles A. Cupril–Hernández, Old San Juan, P.R., for plaintiffs.

Carlos A. García–Péerez, Goldman, Antonetti & Cordova, San Juan, P.R., for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion for judgment on the pleadings, (Docket # 22), and Plaintiffs' opposition. (Docket # 25). For the reasons stated below, Defendants' motion is **GRANTED.**

### Background

This action comes before the Court pursuant to its diversity jurisdiction. Plaintiffs' cause of action against the Defendants is brought under the Puerto Rico Sales Representative Act of 1990, Act 21 of December 5, 1990, 10 P.R.Laws Ann. §§ 279 *et. seq.* (1997) (hereinafter "Act 21"). Act 21 is a law designed to protect sales representatives—who "assume all the operational costs which such representation entails, such as the cost of maintaining an office, exhibition rooms, cars, office personnel, phones, electricity, water, insurance, travel costs, representation costs, office supplies, and municipal patents"—from termination without just cause by the principals. *See* Statement of Motives, *Laws of Puerto Rico* (December 5, 1990).

Defendants' motion for judgment on the pleadings argues that Plaintiff's complaint is time-barred under Act 21 and article 941 of the Commerce Code, 10 P.R.Laws Ann. § 1903 (1997). Article 9 of Act 21 specifi-cally provides that actions filed pursuant to it "prescribe three (3) years from the definitive date of termination of the sales representation contract or of the impairing acts, as the case may be." 10 P.R.Laws Ann. § 279h (1997). In this case, Plaintiffs' complaint, filed on December 29, 1999, claims damages for impairing acts occurring from late 1994 to May 31, 1996, date on which the sales representation contract was unilaterally terminated by the Defendant "without just cause and in bad faith." (Docket # 1 ¶ 11). From May 31, 1996—the termination date of the contract—to December 29, 1999—the date the complaint was filed—three years and seven months elapsed. Thus, Plaintiffs' complaint falls outside the three year statute of limitations, exceeding it by seven months.

In his opposition to Defendants' motion, Plaintiffs argue that they tolled the statute of limitations by timely filing a complaint in the Commonwealth Court of First Instance. That complaint was timely filed on October 20, 1998, although it was subsequently dismissed without prejudice at Plaintiff's request. Plaintiff's notice of voluntary dismissal was filed on December 13, 1999, and the court's judgment was entered on January 5, 2000. The issue before the Court is whether Plaintiff's prior complaint effectively tolled the statute of limitations so that the present complaint is not barred by article 9 of Act 21, 10 P.R.Laws Ann. § 279h (1997).

### Legal Analysis

The tolling of the statute of limitations established by Act 21 is governed by article 941 of the Puerto Rico Commerce Code, 10 P.R.Laws Ann. § 1903 (1997), which provides:

Prescription shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renew-

al of the instrument on which the right of the creditor is based.

Prescription shall be considered uninterrupted by a judicial proceeding if the plaintiff should withdraw it, or the case should go by default or the complaint be dismissed.... [1]

This provision, like others governing the prescription of mercantile actions, is more restrictive than its counterpart in the Civil Code. In fact, this is a distinct characteristic of the commercial code regulation in the area of prescription. The Puerto Rico Supreme Court has noted: "[T]he provisions of the Commerce Code in the area of the statute of limitations prescribe shorter periods of limitation than those established under the Civil Code ... [and] given their precise and binding nature—absent specific regulations, do not admit commercial customs generally observed in each place ..." *Pacheco v. National Western Life Insurance Company,* 122 P.R.Offic.Trans. 49, 58 (1988) (internal citations and quotation marks omitted). The purpose behind that strict regulation, is to "encourage[ ] diligence and speed in commercial transactions and expedite[ ] mercantile traffic." *Id.* at 60.

In *Pacheco,* the Puerto Rico Supreme Court held that article 941 of the Commerce Code governs the tolling of the statute of limitations provided by the Puerto Rico Dealer's Contract Act, Act 75 of June 24, 1964, 10 P.R.Laws Ann. §§ 278–278d (1997), (hereinafter "Act 75"). The court based its ruling on a finding that the dealer's contract—which Act 75 regulates—"is a new form of atypical contract, ... mer-

cantile in nature and governed by the rules of the Commerce Code ..." 122 P.R.Offic.Trans. at 53 (internal quotation marks omitted). And where there is a gap in Act 75, it is to be filled by the applicable supplemental provisions of the Commercial Code. 122 P.R.Offic.Trans. at 57.

Act 21, governing the sales representation contract "is modeled after the [Dealer's Act], also known as Law 75, and it is well settled that applicable jurisprudence to Law 75 is also of application in controversies as per Law 21." *Innovation Marketing v. Tuffcare Incorporated,* 31 F.Supp.2d 218, 220 (D.P.R.1998). In particular, "the statement of motives of [Act 21] clearly state that the motive of the law is to protect sales representatives who fell short of compliance with dealership status under local law as defined by the Supreme Court in the case of *Roberto Inc. and Roberto Colon v. Oxford Industries,* 122 P.R.D. 115 (1988)." *Innovation Marketing,* 31 F.Supp.2d at 220 n. 1. Act 21 has a similar provision governing the prescription of actions brought under it, than Act 75. In addition, the sales representation contract can also be considered a mercantile contract using the standards established by the Puerto Rico Supreme Court in *Pacheco.* That is because the sales representation contract, like the contract for distribution, is "an activity closely related to a typically mercantile transaction: operation of a business through a dealer's [or sales representation] contract." *Pacheco,* 122 P.R.Offic.Trans. at 56.

---

1. The original text of Article 941 in Spanish reads as follow:

> La prescripción se interrumpirá por la demanda u otro cualquier género de interpelación judicial hecho al deudor; por el reconocimiento de las obligaciones, o por la renovación del documento en que se funde el derecho del acreedor.

> Se considera la prescripción como no interrumpida por la interpelación judicial, si el actor desistiere de ella, o caducara la instancia, o fuese desestimada su demanda.

10 L.P.R.A. § 1903 (1997).

■ Having found that article 941 of the Commerce Code, 10 P.R.Laws Ann. § 1903 (1997), governs the tolling of the statute of limitations provided by article 9 of Act 21, 10 P.R.Laws Ann. § 279h (1997), the Court will now decide how that provision applies to the facts of this case. Article 941 of the Commerce Code, unlike the provisions of the Civil Code governing the prescription of civil actions, is "more restrictive as to the way of tolling." *Pacheco,* 122 P.R.Off-ic.Trans. at 57. In particular, it does not recognize extrajudicial claims as a way of tolling the statute of limitations. *Id.* In addition, while it recognizes a civil complaint as a way of tolling the statute of limitations, it specifically provides that if the complaint is voluntarily withdrawn by the plaintiff, or dismissed by the court, the statute of limitations shall be considered *uninterrupted.* 10 P.R.Laws Ann. § 1903 cl. 2 (1997). The language used by the statute is unqualified in this area and it speaks in absolute terms. The Court finds no reason, and Plaintiff has provided none, as to why it should depart from the literal provisions of article 941.

In this case, Plaintiff made a selection of forum, choosing to file a timely complaint in the Commonwealth Court of First Instance based on the same facts giving rise to this case. Plaintiff equally chose to voluntarily dismiss that civil complaint. In so doing, he selected the time on which he sought dismissal and he assumed the risk of being untimely in filing this action. To allow Plaintiff to proceed with this action in spite of Defendants' motion pursuant to article 941 of the Commerce Code, would be to ignore and render meaningless that statutory provision. On the other hand, it seems that article 941 was specifically designed to prevent situations such as the one present in this case, where Plaintiffs have filed a claim based on a mercantile contract over three years after that contract's termination. Because Plaintiffs'

initial complaint was voluntarily dismissed, the statute of limitations is deemed uninterrupted as mandated by article 941 of the Commerce Code. The timeliness of the dismissal—the initial case being dismissed shortly after this complaint was filed—is of no consequence to Plaintiffs' action because the Court finds that: (1) Plaintiffs' intention to dismiss the first case was evident before this complaint was filed; and (2) when the first case was eventually dismissed, the suspensive condition established by article 941 for considering the statute of limitations uninterrupted was met. Accordingly, the Court finds that Plaintiff's complaint is barred by the statute of limitations established by article 9 of Act 21, 10 P.R.Laws Ann. § 279h (1997) and the tolling provision of article 941 of the Commerce Code, 10 P.R.Laws Ann. § 1903 (1997). Accordingly, Defendant's motion for judgment on the pleadings, **(Docket # 22)**, is **GRANTED**. Judgment shall be entered accordingly.

**SO ORDERED.**